FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 MAR 26  PM 1:54

MIDDLE ~~~~~~~ ~~ FLORI~
JACKSON~~~~ ~~FLORIDA

MOSES DAVIS

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS INC.

    Defendant.

_____/

CASE NO.:

3: 10-cv-265-J-25 JRK

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MOSES DAVIS, by and through undersigned counsel, and files this Complaint against the Defendant NCO FINANCIAL SYSTEMS INC. and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant, NCO FINANCIAL SYSTEMS INC. (hereinafter "Defendant") is a collection agency operating from an address 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a debt to Citi Financial Auto, which was used by Plaintiff for personal, family and household purchases.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant NCO FINANCIAL SYSTEMS for collection from this Plaintiff.

8. On or about February, 2010 Defendant's representatives began to phone Plaintiff regularly.

9. On February 10, 2010, Plaintiff faxed a notice stating that he would not pay the debt. (See attached Exhibit "A")

10. On February 26, 2010,, in violation of 15 U.S.C. § 1692c , the Defendant contacted the Plaintiff by telephone in an effort to collect the debt. 15 U.S.C. §

1692c (805) states that "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt..."

## TRIAL BY JURY

11. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

12. Plaintiff incorporates by reference 1 – 11 of the above paragraphs of this Complaint as though fully stated herein.

13. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

14. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE

## PRACTICES ACT

### Section 501. et seq., Fla. Stat.

15. Plaintiff incorporates by reference 1 -11 of the paragraphs of this Complaint as though fully stated herein.

16. This is an action for damages and an injunction for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against Defendant in the attempted collection of a debt.

17.  At all times relevant to this Complaint, Defendant was engaged in the business of debt collection.

18.  The alleged debt in this cause is a "consumer transaction" within the scope of the FDUTPA.

19.  In engaging in the conduct more specifically described in the Factual Allegations above, Defendant committed deceptive and unfair trade practices in connection with attempting collect a debt.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

### COUNT I

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT

### Section 501.201 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 501.211 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 501.211 against Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiffs credit report; and for such other relief as this Court deems just and proper.

COLLINS & STORY, P.A.

MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Attorney for Plaintiff